CALDAS ET AL. *v.* CASTIÑEIRA.

APPEAL from the District Court of San Juan.

No. 71.—Decided March 20, 1906.

APPEAL—EVIDENCE—BILL OF EXCEPTIONS—STATEMENT OF FACTS.—The Supreme Court cannot consider the evidence introduced at the trial unless it is submitted on appeal in the form of a bill of exceptions or statement of facts.

LIBEL—DAMAGES.—In an action for libel the plaintiff must specify clearly the damages suffered by him by reason of the alleged defamatory publication.

The facts are stated in the opinion.

*Mr. Díaz Navarro* for appellant.

*Mr. López Landrón* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

This was a suit brought in the District Court of San Juan for damages in an alleged case of libel. The defendant answered, and after a trial in which the libelous publication was introduced in evidence and oral testimony given, the court found in favor of the respondent, and accordingly gave judgment against the complainants. From that judgment the complainants appealed to this court. Among the papers submitted to us there is a so-called copy of the record of the stenographer, which appears in the file presented to us, following the brief of the appellant. This record of the stenographer is only certified to by the stenographer himself, and none of the proof taken at the trial which seems to have been in the main oral, has been presented to us. We have decided in a number of cases that where there is oral evidence presented in the court below we cannot consider the same on appeal unless the same is presented by a bill of exceptions or a statement of facts in the manner prescribed in the Code of Civil Procedure. *Cora May Belden de Smith* v. *José Antonio Fernández,* decided 9th March, 1906, (*ante,* p. 253); *Pascual Borrás and others* v. *The People of Porto Rico,* decided 24th November, 1905 (9 P. R. Rep. p. 370); *Osvaldo Laborde and others* v. *The People of Porto Rico,* decided 4th December, 1905, (*Id.,* p. 403); and *Andrés Orsini y Santini* v. *Rafael Viera Ithier,* decided 14th March, 1906 (*ante,* p. 267).

Therefore it must be presumed from the judgment in this case that the proof was in favor of the defendant. We have however considered the complaint filed by the appellant in the court below. It is as follows:

"In the District Court of San Juan.—*José Caldas, Francisco Pérez, Mariano Arrasate, Carmelo Enrique, Bartolomé Baussá, Ramón Decampo, Demetrio Fuentes, Antonio González, Marcelino Sobrino,*

*Felipe González Roque Villata, Toribio de la Fuente* v. *Manuel Castiñeira.*—Suit to recover damages for libel.

"José Caldas, Francisco Pérez, Mariano Arrasate, Carmelo Enrique, Bartolomé Baussá, Ramón Decampo, Demetrio Fuentes, Antonio González, Marcelino Sobrino, Felipe González, Roque Villata and Toribio de la Fuente, of lawful age and residents of San Juan, Porto Rico, appear before this honorable court, and through their counsel, Díaz and Texidor, file their complaint, setting forth: That all of the plaintiffs are members of the directorate of the society called *Centro de Detallistas,* duly organized in accordance with the law on the 1st of March, 1901, and established in San Juan, Porto Rico. That the plaintiffs were elected by the *Centro de Detallistas* at a general meeting held on the 29th of March, 1904, to serve as members of the said directorate. That in the discharge of its duties the said board of directors of the *Centro de Detallistas* resolved to return certain sums of money paid by the retailers for taxes, which amounts had been the object of a suit, the result of which was a final judgment requiring the city of San Juan to repay to the said society the amounts claimed, the total amount of which sums was on deposit pending the result of the suit. That apropos of the return of the sums of money to the retailers, Mr. Manuel Castiñeira, of lawful age, a resident of San Juan, Porto Rico, maliciously and voluntarily caused to be published in the periodical known as *Heraldo Español,* which is edited in San Juan, Porto Rico, and in the issue of the 13th of December, an article which literally says:

"'*Retailers, be on the alert.*—It seems that the board of directors of the *Centro de Detallistas* intends to retain in their possession a portion of the money resulting from the suit won against the city council in regard to taxes for the consumption of liquors and tobacco, thinking of the creditors, who are dead, absent or forgetful. The statute of limitations does not run with respect to the rights of the latter; but in any case, the said society has a better right than the present directorate. Therefore it is the duty of the members of the said society to air this matter and adjust accounts on the day of the general meeting, because the society is always responsible; in order to be on the safe side  *  *  *. Let us have light by which to see.—M. Castiñeira. December 13th, 1904.'

"That the ideas expressed in the said article are offensive to the plaintiffs, and tends to reflect upon and injure their good reputation. That the periodical, the *Heraldo Español,* is one of the newspapers which has a large circulation in Porto Rico; and the issue of December 13th, 1904, has been read by a great number of persons;

that the said plaintiffs calculate that the damages caused them by the defendant, through the publication of the said article, amounts to $500 for each one of the said plaintiffs. For which the plaintiffs, through their counsel, Díaz & Texidor, pray the court to consider this complaint as filed, and in due time render a judgment declaring:

"1. That the article which appears in the *Heraldo Español* of San Juan, Porto Rico, under date of the 13th of December, 1904, constitutes a libel against the plaintiffs.

"2. That the author of said article is Don Manuel Castiñeira, defendant.

"3. That the said Don Manuel Castiñeira shall immediately, or within three days, pay to each one of the plaintiffs $500 as indemnity for the damages he has caused by the publication of the said libel; and furthermore, the costs of the suit. San Juan, P. R., 3d of January, 1905.—Signed: Díaz & Texidor; J. Texidor, counsel for the plaintiffs."

The injury of which the plaintiffs complain is that the ideas expressed in the said article are offensive to the plaintiffs and tend to reflect upon and injure their reputations. The plaintiffs were all members of the directorate of the *Centro de Detallistas.* We do not think that the charge preferred against this body sufficiently alleged an injury against any of its component members. If a particular person is selected, a member of that directorate, we cannot see from the complaint how he was injured by the publication. Such fact should clearly appear and the injuries to each of the plaintiffs not be left to speculation. Especially is this so in a case where the damages are so indefinitely charged, and so remote. Furthermore, the article itself in saying that the *Centro de Detallistas* intends to retain in its possession a portion of the money resulting from the suit against the city council, etc., does not necessarily constitute a libel against the said *Centro de Detallistas,* because it is not charged with certainty that what they so proposed to retain is to be put to any improper, or even individual or personal use.

From an inspection of the whole complaint we are satisfied that no cause of action was stated, and this is an

additional reason for affirming the judgment of the District Court of San Juan.

For the foregoing reasons, the judgment of the District Court of San Juan must be affirmed.

*Affirmed.*

Chief Justice Quiñones, and Justices Hernández, Figueras and MacLeary concurred.